CADY, Chief justice
(concurring specially).'
I concur in the result. I would hold only that State v. Comried, 693 N.W.2d 773 (Iowa 2005), has decided the issue presented on appeal, and its rationale has not been undermined merely because case authority from another jurisdiction-we partially relied upon has , been overruled. *188 Furthermore, a statute that criminalizes operating a vehicle while having the presence of a nonimpairing metabolite of marijuana in the blood system may seem to be based on a judgment that is wrong, even misplaced, but it is hardly absurd under the prevailing legal standard. While courts must not interpret ambiguous statutes in a way that will lead to an absurd result, see Iowa Ins. Inst. v. Core Grp. of Iowa Ass’n for Justice, 867 N.W.2d 58, 75 (Iowa 2015), an unambiguous statute is absurd only if its language produces “a result that is ‘demonstrably at odds with the intention’ of the legislature,” In re J.C., 857 N.W.2d 495, 503 (Iowa 2014) (quoting Sherwin-Williams Co. v. Iowa Dep’t of Revenue, 789 N.W.2d 417, 429 (Iowa 2010)). As we said in Comried, the legislature intended “to prohibit people from operating motor vehicles with controlled substances in their bodies, whether or not they are under the influence.” 693 N.W.2d at 776. The result of the statute here is not at odds with the legislature’s intent. Furthermore, no constitutional claim has been presented on appeal that requires us to address or even discuss whether the statute is rationally related to a legitimate government interest. On these limited grounds, I concur.